UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00388-MR

| | |
|---|---|
| JOSE GUSTAVO GALAVIZ-TORRES, ) ) ) Petitioner, ) ) vs. ) ) ) State of North Carolina, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on review of the Amended Petition for Writ of Habeas Corpus filed by Petitioner Jose Gustavo Galaviz-Torres pursuant to 28 U.S.C. § 2254 on August 18, 2021. [Doc. 8].

**I.    BACKGROUND**

Jose Gustavo Galaviz-Torres (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on May 24, 2013 in the Superior Court of Mecklenburg County of one count of trafficking in at least 400 grams of cocaine by transportation and one count of possession of cocaine with the intent to sell or deliver. State v. Galaviz-Torres, 772 S.E.2d 434, 435 (N.C. June 11, 2015). The Petitioner was sentenced to a term of 175-222 months imprisonment, in addition to a consecutive term of 175-222

months imprisonment. Id. at 436. The Petitioner filed a direct appeal, and the appellate court reversed the Petitioner's convictions on grounds that the trial court failed to adequately instruct the jury that the State had to prove beyond a reasonable doubt that the Petitioner knew that he had possessed and transported the cocaine. Id. However, the North Carolina Supreme Court reversed the appellate court's decision and concluded that the trial court did not err in its instructions to the jury. Id. at 439-440.

The Petitioner indicates in his § 2254 petition that he did not file any post-conviction proceedings in state court. [Doc. 8 at 3]. The Petitioner attaches to his petition a North Carolina Supreme Court Order that dismissed a May 14, 2021 Motion to Discharge/Vacate Sentence and Petition for Writ of Habeas Corpus. [Doc. 8-1 at 11].

The Petitioner filed his Petition for Writ of Habeas Corpus on June 3, 2021 in the U.S. District Court for the Eastern District of North Carolina, [Doc. 1] and the matter was transferred to this Court on July 29, 2021. [Docs. 5, 6]. The Petitioner filed an Amended Petition for Writ of Habeas Corpus on August 18, 2021. [Doc. 8].[1]

---

[1] See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001)("an amended pleading ordinarily supersedes the original and renders it of no legal effect").

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on May 24, 2013. The North Carolina Supreme Court entered its Order on June 11, 2015, finding no error with regard to the Petitioner's convictions. State v. Galaviz-Torres, 772 S.E.2d 434, 435 (N.C. June 11, 2015). Petitioner's conviction

became final on or about September 9, 2015, 90 days after the North Carolina Supreme Court's opinion, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about September 8, 2016. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). Although the Petitioner attaches a North Carolina Supreme Court Order denying a May 14, 2021 Motion to Discharge/Vacate Sentence and Petition for Writ of Habeas Corpus [Doc. 8-1 at 11], such filing would not have tolled the statute of limitations because it was filed years after the limitations expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

The Petitioner's § 2254 petition filed in this Court on August 18, 2021 was well beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is

entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[2]

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

2. Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

**IT IS SO ORDERED**.

Signed: May 1, 2023

Martin Reidinger
Chief United States District Judge

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).