UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00388-MR

| JOSE GUSTAVO GALAVIZ-TORRES, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| State of North Carolina, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Amended Petition for Writ of Habeas Corpus [Doc. 8] filed by Petitioner Jose Gustavo Galaviz-Torres pursuant to 28 U.S.C. § 2254 on August 18, 2021. [Doc. 8]. Also before the Court is the Petitioner's Motion for Discovery [Doc. 9], his Motion for Permission to File Papers Outside the Standard Size [Doc. 10], Motion for Extension of Time to Prepare Files [Doc. 11], and Second Amended Petition for Writ of Habeas Corpus [Doc. 13].

I.  BACKGROUND

Jose Gustavo Galaviz-Torres (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on May 24, 2013 in the Superior Court of Mecklenburg County of one count of trafficking in at least 400 grams of cocaine by transportation and one count of possession of

cocaine with the intent to sell or deliver. State v. Galaviz-Torres, 772 S.E.2d 434, 435 (N.C. June 11, 2015). The Petitioner was sentenced to a term of 175-222 months imprisonment, in addition to a consecutive term of 175-222 months imprisonment. Id. at 436.

The Petitioner filed a direct appeal and the appellate court reversed the Petitioner's convictions on grounds that the trial court failed to adequately instruct the jury that the State had to prove beyond a reasonable doubt that the Petitioner knew that he had possessed and transported the cocaine. Id. However, the North Carolina Supreme Court reversed the appellate court's decision and concluded that the trial court did not err in its instructions to the jury. Id. at 439-440. The decision was issued on June 11, 2015, and became final ninety days thereafter when the time to seek certiorari before the United States Supreme Court expred.

The Petitioner indicates in his § 2254 petition that he did not file any post-conviction proceedings in state court. [Doc. 8 at 3]. However, the Petitioner does attach a copy of a North Carolina Supreme Court Order dismissing a Motion to Discharge/Vacate Sentence and Petition for Writ of Habeas Corpus filed by the Petitioner on May 14, 2021. [Doc. 8-1 at 11].

The Petitioner filed his Petition for Writ of Habeas Corpus on June 3, 2021 in the U.S. District Court for the Eastern District of North Carolina.

2

Case 3:21-cv-00388-MR   Document 15   Filed 06/20/23   Page 2 of 9

[Doc. 1]. The matter was then transferred to this Court on July 29, 2021. [Docs. 5, 6]. On August 18, 2021, the Petitioner filed an Amended Petition for Writ of Habeas Corpus. [Doc. 8]. Upon initial review of the Amended Petition, the Court entered an Order on May 1, 2023 directing the Petitioner to show cause why it should not be dismissed as untimely filed, including any reasons why the Court should apply statutory or equitable tolling. [Doc. 12].

On May 4, 2023, the Court received and docketed a Second Amended Petition for Writ of Habeas Corpus, which appears to have been mailed on May 2, 2023 before the Petitioner received the Court's show cause Order. [Docs. 13, 13-2]. To date, the Petitioner has not filed a response to the Court's May 1, 2023 show cause Order.

## II. DISCUSSION

### A. Timeliness of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period may be tolled during the pendency of a properly filed application for

3

state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction became final on or about September 9, 2015, 90 days after the North Carolina Supreme Court issued its opinion reversing the decision on direct appeal, and when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about September 8, 2016. See 28 U.S.C. § 2244(d)(1). The Petitioner did not file his § 2254 habeas petition until June 3, 2021 [Doc. 1]—almost five years after expiration of the limitations period. Therefore, the Petitioner's § 2254 habeas petition [Doc. 1] and subsequent amended petitions [Docs. 8, 13] are untimely.

The one-year limitation period for seeking § 2254 review may be tolled during the time of a properly filed application for state post-conviction action. 28 U.S.C. § 2244(d)(2). However, the Petitioner provides no information showing that he filed any post-conviction proceedings in state court before the one-year statute of limitations expired. Although he filed a Motion to Discharge/Vacate Sentence and Petition for Writ of Habeas Corpus in the North Carolina Supreme Court on May 14, 2021 [Doc. 8-1 at 11 ], such filing

4

would not revive the already-expired statute of limitations. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

To date, the Petitioner has not responded to the Court's May 1, 2023 show cause Order. However, the Petitioner does address the issue of timeliness in his Second Amended Petition and states that after the North Carolina Supreme Court denied his habeas corpus petition on May 24, 2021, he received no other source of legal assistance, "became caught up in prison life," and that none of the jailhouse lawyers alerted him to the one-year AEDPA deadline. [Doc. 13 at 13-14]. The Petitioner further states that the North Carolina Prisoner Legal Services also refused to assist him. [Id.].

The limitations period for an untimely § 2254 petition may be equitably tolled where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate for those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th

Cir. 2000)).

The rationale set forth by the Petitioner is insufficient to demonstrate the presence of extraordinary circumstances that prevented him from timely filing his § 2254 petition. The fact that the Petitioner did not have access to legal assistance and was not informed by jailhouse lawyers of the one-year statute of limitations does not constitute the type of conditions that would justify the application of equitable tolling. See Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020)(lack of legal knowledge and lack of access to law library does not warrant equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling).

The Petitioner cannot use the excuse that he got "caught up in prison life" as justification for failing to diligently pursue his rights when the statute of limitations expired in 2016—almost five years before he initiated this habeas proceeding. The Petitioner has not met his burden to establish that equitable tolling should apply to excuse the untimeliness of his § 2254 petition. As such, both the Amended Petition for Writ of Habeas Corpus [Doc. 8] and Second Amended Petition for Writ of Habeas Corpus [Doc. 13] are subject to dismissal as untimely.

6

Case 3:21-cv-00388-MR   Document 15   Filed 06/20/23   Page 6 of 9

### B. Miscellaneous Motions

In his Motion for Discovery, the Petitioner requests the Court grant him leave to conduct discovery and order the production of documents. [Doc. 9 at 1]. However, there is no automatic entitlement to discovery in a habeas proceeding and parties may engage in discovery only after obtaining leave of court for good cause shown. Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). As discussed above, the § 2254 petition is subject to dismissal as untimely filed. Therefore, the Petitioner can demonstrate no good cause to justify his request to conduct discovery. As such, the Motion for Discovery shall be denied.

In his Motion for Permission to File Papers Outside the Standard Size, the Petitioner requests to be permitted to submit his legal filings on 7 $^{3/4}$ x 10 $^{1/4}$ paper with which he has been provided by prison officials. [Doc. 10]. However, in light of the fact that the Petitioner's § 2254 petition shall be dismissed as untimely filed, his request shall be denied as moot.

Finally, the Petitioner files a Motion for Extension of Time to Prepare Files, requesting an enlargement of time in which to cure the deficiencies in his § 2254 petition. [Doc. 11]. However, the Petitioner has since filed his Second Amended Petition, thereby mooting his request. Furthermore, the

7

Petitioner's Amended Petition and Second Amended Petition are both untimely filed and allowing the Petitioner to further amend to cure any deficiencies would also be moot. As such, the Petitioner's request is denied.

### III. CONCLUSION

For the reasons stated herein, the Amended Petition for Writ of Habeas Corpus [Doc. 8] and Second Amended Petition for Writ of Habeas Corpus [Doc. 13] shall be dismissed as untimely. The Petitioner is also entitled to no relief from his miscellaneous motions [Docs. 9, 10, 11].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus [Doc. 8] and Second Amended Petition for Writ of Habeas Corpus [Doc. 13] are **DISMISSED** as untimely.

2. The Petitioner's Motion for Discovery [Doc. 9], Motion for Permission to File Papers Outside the Standard Size [Doc. 10], and Motion for Extension of Time to Prepare Files [Doc. 11] are **DENIED**.

3. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: June 19, 2023

Martin Reidinger
Chief United States District Judge